IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH S. SCHLICHTING, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 15-2851 |
| | : | |
| v. | : | |
| | : | |
| NORFOLK SOUTHERN RAILROAD, | : | |
| GARY SIPES, ROBERT FRANK, | : | |
| GEORGE GRESS, and JEFF BERGER, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                              July 7, 2015

The *pro se* plaintiff has filed the instant action against the defendants, his former employer and fellow employees, based on claims of discrimination and harassment that occurred while he worked at the defendant railroad's car shop located in Allentown, Pennsylvania. The plaintiff also seeks leave to proceed *in forma pauperis*. Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will dismiss without prejudice his apparent claims of employment discrimination and hostile work environment because he does not allege that he was a member of a protected class or that he engaged in protected activity (at least prior to his filing of an EEOC charge). In addition, the court will also dismiss without prejudice the plaintiff's harassment claim, to the extent it sounds like a retaliatory harassment claim, because it is set forth in a conclusory fashion. The court will provide the plaintiff with leave to file an amended complaint to rectify the pleading deficiencies within 30 days of the date of the accompanying order.

## I.    ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Keith S. Schlichting, filed an application to proceed *in forma pauperis* (the "IFP Application") and a complaint against the defendants, Norfolk Southern Railroad, Gary Sipes, Jeff Berger, Robert Frank, and George Gress, on May 18, 2015. Doc. No. 1. In the complaint, the plaintiff alleges that the court has federal-question jurisdiction over this action because the following "federal [c]onstitutional, statutory or treaty right is at issue[:] Discrimination and Harassment Filed with EEOC in 2010." Compl. at 2.[1] The plaintiff claims that the discrimination and harassment occurred at the Allentown Car Shop from 2007 to "the present date."[2] *Id.* at 3. He also describes the facts supporting his claims as follows:

> [I] was constantly harrased [sic] and discriminated against for several years. Doors, walls, [l]ocker spay [sic] painted "Keith Schlichting is an asshole", made fun of in front of other employees, passed over on overtime and other positions, disaplined [sic] for safety issue that I had nothing to do with, taken out of service, not allowed to return to work. Robert Frank, George Gress, constant [h]arrasment [sic]. Gary Sipes and Jeff Berger both Senior General foreman, did nothing about harrasment [sic], and also contributed to the harrasment [sic] and discrimination.

*Id.* The plaintiff asserts that this harassment "got worse once [he] filed with the EEOC." *Id.*

## II.    DISCUSSION

As indicated above, the plaintiff seeks to proceed *in forma pauperis*. The court will address this request first before reviewing the allegations in the complaint as permitted by 28 U.S.C. § 1915(e)(2).

### A.    The IFP Application

Regarding requests to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein,

---

[1] The plaintiff placed an unpaginated page in between pages two and three of the form complaint. *See* Doc. No. 1-2. For purposes of this opinion, the court cites to the portions of the complaint by the page number listed on it.

[2] Although he does not state this in the complaint, the plaintiff indicates in the IFP Application that Norfolk Southern Railroad employed him from May 1993 through February 2015. *See* Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs (Long Form) at 2.

>without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). When addressing requests to proceed *in forma pauperis* under section 1915, district courts undertake a two-step analysis: "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).[3]

Concerning the litigant's financial status, the litigant must establish that he or she is unable to pay the costs of suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

Here, after reviewing the IFP Application, it appears that the plaintiff is unable to pay the costs of suit. Therefore, the court grants the plaintiff leave to proceed *in forma pauperis*.

### B.   Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B)

#### 1.   Grounds for *Sua Sponte* Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §

---

[3] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub. L. No. 104-135, 110 Stat. 1321 (1996)). The portion of Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i). *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *Higgs v. Attorney Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

Regarding the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 570). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[4] *Id.* (quoting *Twombly*, 550 U.S. at 555). Additionally, "[t]he plausibility

---

[4] Similar to the court's review as to whether a *pro se* complaint is frivolous, the court is mindful that no matter how "inartfully pleaded, [*pro se* complaints] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted). Despite this more liberal pleading standard, a *pro se* complaint must still contain "'sufficient factual matter, accepted as true, to state a claim

paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008).

### 2. Analysis

As indicated above, the plaintiff appears to assert causes of action for employment discrimination and harassment. Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (referring to provisions of Title VII, 42 U.S.C. § 2000e-2(a), the Age Discrimination in Employment Act, 29 U.S.C. § 623, and the ADA, 42 U.S.C. § 12112), *as amended on reh'g in part* (Mar. 26, 2015). Generally, to establish a *prima facie* case of employment discrimination, a plaintiff must allege and show that (1) he or she is a member of a protected class, (2) he or she was qualified for the position in question, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (setting forth elements of *prima facie* case); *see also Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (explaining elements of *prima facie* case). As for claims of a hostile work environment, a plaintiff claiming a hostile work environment based on regular and pervasive harassment must also establish that any harassment was "'because of' the [plaintiff's] protected status or activity." *Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (quoting *Andreoli v. Gates*, 482 F.3d 641, 643 (3d Cir. 2007)).

Regarding retaliation claims, federal law prohibits an employer from retaliating or discriminating against an employee for opposing "any act or practice made unlawful by [the

---

to relief that is plausible on its face.'" *Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 75 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

employment-discrimination statutes] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the employment-discrimination statutes. *EEOC*, 778 F.3d at 449 (citations omitted) (internal quotation marks omitted). "A prima facie case of illegal retaliation requires a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Id.* (citations omitted) (internal quotation marks omitted). Although a plaintiff need not establish a *prima facie* case to survive dismissal for the failure to state a claim, he or she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotation marks and citations omitted).

Here, although the plaintiff alleges that the defendants discriminated against him, he does not allege any of the elements of a *prima facie* discrimination claim, including whether he is a member of a protected class (and, if so, which one), or that he suffered an adverse employment action. *See Shahin v. Delaware Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010). Regarding the harassment claim, he also does not allege that he is a member of a protected class or engaged in protected activity prior to his filing of the EEOC charge. While it appears that the plaintiff generally states that the harassment increased after he filed the EEOC charge, this general allegation is too conclusory to state a plausible retaliation claim. *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."). In addition, this would seemingly not save his harassment claim regarding pre-EEOC charge conduct; instead, it could possibly give rise to a retaliatory harassment claim if more specifically stated. *See, e.g.*, *Clarkson v.*

*SEPTA*, No. CIV. A. 14-2510, 2015 WL 1296055, at *1 (E.D. Pa. Mar. 23, 2015) (discussing cause of action for "retaliatory harassment").

A district court should generally provide a *pro se* plaintiff with leave to amend unless an amendment would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The court does not find that an amendment would be inequitable or futile in this case considering that this would be the first opportunity for the plaintiff to amend his complaint, and he has not yet articulated the facts underlying his proposed causes of action in this case.

### III. CONCLUSION

The plaintiff has failed to set forth plausible claims for employment discrimination, hostile work environment, or retaliation in the complaint. The court will give the plaintiff 30 days from the date of the accompanying order to file an amended complaint correcting the deficiencies identified in this opinion. In addition, the court will require the clerk of court to provide the plaintiff with a copy of the form complaint specifically applicable to *pro se* litigants filing an employment discrimination claim. If the plaintiff fails to file an amended complaint within the 30-day period, the court may dismiss his case with prejudice without further notice to him.

An appropriate order follows.

BY THE COURT:

/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.